824 F.2d 979
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DONALDSON COMPANY, INC., Appellant,
v.
PNEUMAFIL CORPORATION, Appellee.
 Appeal No. 87-1039.
 United States Court of Appeals, Federal Circuit.
 June 8, 1987.
 
 Before DAVIS, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Donaldson Company, Inc. (Donaldson) appeals from a judgment of the United States District Court for the Western District of North Carolina holding U.S. Patent No. 4,218,227 ('227), issued to Robert E. Frey and assigned to Donaldson, "invalid, void and unenforceable" based upon findings of obviousness under 35 U.S.C. Sec. 103 and inequitable conduct committed before the United States Patent and Trademark Office (PTO). The district court also held the case exceptional and awarded costs and attorney's fees to Pneumafil Corp. (Pneumafil) under 35 U.S.C. Sec. 285. We affirm, except that the portion of the judgment that the '227 patent is invalid for obviousness is vacated as moot.
 
 OPINION
 
 2
 The district court held, inter alia, the '227 patent unenforceable due to inequitable conduct consisting of failure to disclose material prior art represented by the Spriggs patent and its commercial embodiment, the Quik-Change device, and of submission of incomplete and misleading collection efficiency test results. 35 U.S.C. Sec. 282. Citing this court's decision in J.P. Stevens & Co., Inc. v. Lex Tex Ltd., Inc., 747 F.2d 1553, 1559-60, 223 USPQ 1089, 1092 (Fed.Cir.1984), cert. denied, 106 S.Ct. 73 (1985), Donaldson argues that the district court's decision on inequitable conduct[1] is unsupported by the requisite clear and convincing evidence of materiality and intent and that its factual findings are clearly erroneous.
 
 
 3
 Donaldson first contends that the district court's finding that there was a failure to disclose the Spriggs patent to the PTO during prosecution of the '227 patent was clearly erroneous. Donaldson notes that the Spriggs patent was called to the attention of the examiner in the response to the examiner's first office action in Frey's priority application, Serial No. 468,215, which was filed on July 5, 1974 and later abandoned. The record indicates, however, that this disclosure revealed only that the Spriggs patent taught use of "a pleated filter ... cleaned by continuous backwashing." No mention was made of the fact that the Spriggs patent disclosed use of pleated paper filter cartridge in combination with use of reverse jet cleaning. In addition, the patentee's counsel stated to the examiner in a response filed December 13, 1976 that there was
 
 
 4
 a vast difference, in terms of the physical strains applied to the filter during the cleaning operation, between a back washing system, with its gentle occasional reversals in the air flow, and a pulse jet cleaning system with its frequent violent impacts of reverse air on the filters.
 
 
 5
 Contrary to this response, Frey testified at trial that reverse jet cleaning (as disclosed in the Spriggs patent) could, under certain circumstances, impose more stress on a paper filter cartridge than pulse jet cleaning.
 
 
 6
 Under these circumstances, we are not persuaded of clear error in the district court's finding that Donaldson failed to "reveal formally the prior are represented by the Spriggs patent." (Emphasis added.) Donaldson's discussion of the Spriggs patent, buried as it was in a response to an office action in a prior application and made in a manner which was misleading as to that patent's significance, was obviously inadequate to comply with the duty of disclosure set forth in 37 C.F.R. Sec. 1.56. Penn Yan Boats, Inc. v. Sea Lark Boats, Inc., 359 F.Supp. 948, 965, 175 USPQ 260, 272 (S.D.Fla.1971), aff'd, 479 F.2d 1328, 178 USPQ 577 (5th Cir.1973); In re Lang, 203 USPQ 943, 945 (Commissioner Decision 1979). Counsel's statement further obscured the inadequate and misleading reference to the Spriggs patent.
 
 
 7
 Donaldson's argument that its nondisclosure of the Quik-Change device was not inequitable conduct because that device was simply the commercial embodiment of the invention disclosed in the Spriggs patent and thus cumulative over that patent is also without merit, even if the Spriggs patent had been adequately disclosed. The court found that the Quik-Change device was advertised to run at a face velocity of .7 feet/minute to 7 feet/minute, a range clearly encompassing the "derated" velocities claimed by Donaldson. In contrast, the Spriggs patent contained no mention of face velocity. As indicated by the examiner's statement in allowing the claims, the derated face velocities were highly material:
 
 
 8
 The primary reason for allowance of the claims is the inclusion in all of the claims of using grossly derated pleated paper filter elements in conjunction with pulse jet cleaning of the elements so that the elements can withstand the stressed [sic] placed upon them by pulse jet cleaning. Applicant's fourth affidavit, in exhibit B shows unexpected results from this combination.
 
 
 9
 Finally, Donaldson maintains that the undisclosed portions of the collection efficiency test report were not material to the patentability of the invention claimed in the '227 patent and that the disclosed portion was misunderstood by the district court rather than misrepresented by Donaldson. The district court found that Donaldson, in response to the examiner's rejection of the claims, submitted to the PTO a summary of test results purporting to show that "it was not substantially possible to adequately clean the filters by pulse jets without substantially derating the filter elements." This summary consisted of three pages out of a 181-page report which contained the results of other tests, including the results of the test conducted at the Cornelius Company site showing that the paper filter cartridges could be cleaned at high flow velocities without experiencing filter failure. The report attributed filter failure to heavy dust loading rather than jet pulse cleaning and concluded that "[c]leaning pulse pressure had no effect on collection efficiency."
 
 
 10
 In view of the examiner's statement quoted above, the court found that the examiner allowed the claims of the '227 patent because he was convinced Donaldson had shown "gross derating" was necessary when pleated paper filters were used in combination with pulse jet cleaning, "so that the [filter] can withstand the stress placed upon [it] by pulse jet cleaning." The court characterized Donaldson's position as "not tenable when the information that [Donaldson] failed to present to the examiner is examined," and concluded that "the revealing of only three pages of a 181-page test report; and the misconstrual of the results of those tests in the accompanying affidavits constituted material misrepresentations of issues critical to the examiner's subsequent approval of the patent."
 
 
 11
 Materiality and intent are factual issues subject to the clearly erroneous standard of review. We must, therefore, affirm the findings of the district court unless we are left with a definite and firm conviction that error has occurred. J.P. Stevens & Co., 747 F.2d at 1562, 223 USPQ at 1094. This court stated in Rohm & Haas Co. v. Crystal Chemical Co., 722 F.2d 1556, 1571-72, 220 USPQ 289, 301-02 (Fed.Cir.1983), that "submissions [of false materials] usually will support the conclusion that the affidavit in which they were contained was the chosen instrument of an intentional scheme to deceive the PTO," and that "there is no room to argue that submission of false affidavits is not material." In view of the pattern of omission and misrepresentation disclosed by the record before us, we discern no error in the district court's conclusion that Donaldson "wrongly intended to mislead the patent office and made willful misrepresentations constituting fraud."
 
 
 12
 Accordingly, we affirm the district court's judgment that the '227 patent is unenforceable due to inequitable conduct before the PTO during prosecution and the award of costs and attorneys' fees to Pneumafil under 35 U.S.C. Sec. 285.[2] The judgment of invalidity for obviousness is vacated as moot.
 
 
 
 [1]
 The term "inequitable conduct" encompasses common law fraud, e.g., submission of false information with an intent to mislead. J.P. Stevens & Co., 747 F.2d at 1559, 223 USPQ at 1092. This court has concluded that inequitable conduct results in unenforceability rather than invalidity, although the distinction has had no practical significance. Id. at 1560, 223 USPQ at 1093
 
 
 [2]
 In view of our affirmance of the district court's decision that the '227 patent is unenforceable due to inequitable conduct, we need not, and do not, address Donaldson's arguments on the issue of obviousness